An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHAYCE ARDEN HANSON,
Appellant,
vs.
D. W. NEVEN, WARDEN,
Respondent.

No. 66518

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a petition for a writ of mandamus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his petition filed on January 13, 2014, appellant sought a writ of mandamus directing the Warden/Department of Corrections to process his request for final disposition of charges under Article III of the Interstate Agreement on Detainers (IAD), codified in Nevada in NRS 178.620. Appellant asserted that he had pending charges in the State of Washington for domestic violence and assault.[2] Appellant further asserted that he had asked respondent to initiate the process under the IAD to resolve the untried charges, but that his requests were denied. The

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]It appears that appellant also had charges for a parole violation, which would not be subject to the IAD. *See Carchman v. Nash*, 473 U.S. 716, 725 (1985).

14-40431

attorney general opposed the petition, arguing that there was not a detainer lodged against appellant. In support, the attorney general provided copies of email correspondence with authorities in King County, Washington, as well as a letter sent to appellant from the prosecutor's office in King County, Washington, indicating that they would not be extraditing appellant and had not lodged a detainer against him. The district court denied the petition.

Article III (a), (b) of the IAD provide that whenever "there is pending . . . any untried indictment, information or complaint on the basis of which a detainer has been lodged against [a] prisoner," a prisoner may request in writing a final disposition of the pending charges. When the request is in writing and is "given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of the prisoner," the officer has a duty to "promptly forward it to together with the certificate to the appropriate prosecuting official and court." NRS 178.620 (Art. III (b)).

The central issue in this case is whether a detainer has been lodged so as to trigger the requirements of the IAD. This court has adopted the definition of "detainer" as set forth in *Fex v. Michigan*, 507 U.S. 43, 44 (1993). A detainer is a written "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Theis v. State*, 117 Nev. 744, 750, 753, 30 P.3d 1140, 1143-44, 1145 (2001). The record supports the district court's finding that there was not a written request filed with the Nevada Department of Corrections to hold appellant for the King County Prosecutor's office in the State of Washington. Notably, the State

of Washington informed appellant by letter that there was not a detainer and that he should present himself in Washington when he completed serving his Nevada sentence. Although the email correspondence indicates that a Nevada official inquired whether King County wanted a "[n]otify" to be posted so that King County would be informed when appellant's release was imminent and a written request for a "notify hold" could meet the definition of a detainer, there is no evidence that King County responded in writing to the inquiry or that a notify hold was posted. Under these circumstances, we conclude that the district court did not abuse its discretion in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                        Saitta

cc:  Hon. David B. Barker, District Judge
     Chayce Arden Hanson
     Attorney General/Las Vegas
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A